**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL ACTION 11-00355-KD-C** |
| ) | |
| **ROMEJA DAYONE EDWARDS,** ) | |
|    **Defendant.** ) | |

**ORDER**

This matter is before the Court on the Defendant's "Motion to Fix Trial in Northern Division of the Southern District of Alabama and to Select Jury from a Panel of Northern District Residents" (Doc. 12) and the Government's Response (Doc. 14).

Relying on the Fifth and Sixth Amendments, the Jury Selection and Service Act, 28 U.S.C. § 1863, and Rule 18 of the <u>Federal Rules of Criminal Procedure,</u> Edwards argues that trial should be fixed in the Northern Division because that is where she resides, where the offense with which she is charged is alleged to have occurred, and at least one (1) witness she may call resides in said division. Additionally, Edwards asserts that 1) the counties comprising the Northern Division have significantly different social, economic, and housing profiles than the counties in the Southern Division; 2) the majority of residents in Northern Division are African-American (as is she); and 3) she is entitled to an impartial jury selected from a fair cross-section of the community, which she defines as a jury selected from residents of the Northern Division.

1

To the extent that Edwards seeks to invoke a Constitutional right to trial in the Northern Division, the motion is not well-taken. The Eleventh Circuit has held that there is no constitutional right to trial within a particular division of a judicial district. United States v. Betancourt, 734 F.2d 750, 756 (11th Cir. 1984) (providing that "[t]he Sixth Amendment provides a defendant with the right to a trial "by an impartial jury of the State and district" where the crime was committed, but there is no constitutional right to trial within a division[]"). However, upon consideration of the factors set forth by Rule 18, Edward's motion is due to be granted.

Rule 18 provides that a district court "must set the place of trial within the district with due regard for the convenience of the defendant and witnesses, and the prompt administration of justice." The Court has discretion to fix the place of trial in any division within the district. United States v. Merrill, 513 F.3d 1293, 1304 (11th Cir. 2008). In the exercise of that discretion, the Court must "give due regard (1) to the convenience of the defendant, (2) to the convenience of witnesses and (3) to the prompt administration of justice." United States v. Burns, 662 F.2d 1378, 1382 (11th Cir. 1981). Edwards is presently on pretrial release and is residing in her home in Selma, Alabama. At least one (1) witness who may testify, not including Edwards who may also testify, resides in Selma, Alabama. Additionally, as noted by Chief Judge Steele, this Court is "favorably disposed to the prospect of conducting trials in the Northern Division criminal actions in Selma, provided that safety, speedy trial, and other logistical and administrative considerations do not militate otherwise." United States v. Mason, 2009 WL 1077711, *2 (S.D. Ala. Apr. 21, 2009). Edwards' case provides such an opportunity.

Accordingly, it is **ORDERED** that Edwards' motion (Doc. 12) to fix trial and jury selection in the Northern Division is **GRANTED.** As such, the following new settings govern **jury trial** and **jury selection** for this case: Trial is expected to last **two (2) days,** with Jury Selection to be held on <u>**Wednesday, March 28, 2012 at 9:00 a.m.**</u> in the United States Courthouse in **Selma, Alabama.** Trial will begin immediately following jury selection. Trial will be held from **March 28-29, 2012.**

Pursuant to Section 9.01 of this District's Plan for the Qualification and Random Selection of Grand and Petit Jurors, names of petit jurors to attend court in Selma, Alabama, shall be drawn from the Northern Division wheel.

**DONE** and **ORDERED** this the **6th** day of **February 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**